## WHITWELL v. THOMAS et al.

Where a complaint in an action on a promissory note executed by two defendants, averred that the defendants were partners, and that the note was executed by them, and the answer simply denied that the defendants were partners, and did not deny that they executed the note: *Held*, that the averment of partnership was immaterial, and that plaintiff was entitled to judgment on the pleadings.

The execution of the notes, not the copartnership of the defendants at the time, constituted the material averment.

The test of the materiality of an averment in a pleading is this: could the averment be stricken from the pleading without leaving it insufficient?

APPEAL from the District Court of the Twelfth Judicial District, County of San Francisco.

This was an action on a promissory note. The complaint alleges the copartnership of the defendants, and the execution by them, of the two notes in suit. The answer of the defendant, Thomas, denies the copartnership at the date of the notes, and any authority in his co-defendant to bind him as partner; but does not deny the execution of the notes by the defendants, or by himself in their name. The other defendant was not served with process and did not appear in the action. The pleadings are verified, and upon them the Court gave judgment for the plaintiff, without the introduction of any testimony.

*Foote & Wattson* for Appellant.

*Whitcomb, Pringle & Felton*, for Respondents.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BURNETT, J., concurring.

The only question for consideration is, whether any material averment of the complaint is denied by the answer. The test

of materiality is this: Could the averment be striken from the pleading without leaving it insufficient? (Practice Act, § 66.) Judged by this test, the averment of copartnership is immaterial. The complaint would be sufficient if this were stricken out. The execution of the notes—not the copartnership of the defendants at the time, constitutes the material averment, and this is not controverted.

Judgment affirmed.