GRANVILLE M. STICKNEY and CHRISTOPHER CARLI, Appellants, against SMITH, BAKER & Co., Respondents.

APPEAL FROM THE DISTRICT COURT OF WASHINGTON COUNTY.

In replevin, the Plaintiffs alleged that they were possessed of the property taken "*as of their own proper goods,* and that the Defendants on, &c. wrongfully and forcibly took the said logs from the possession of the Plaintiffs." The words "*as of their own proper goods,*" are used and understood as alleging possession and ownership, as contradistinguished from possession without ownership; and mean that the Plaintiffs were in the actual possession at the time of the taking. The allegation might have been made more definite and certain by motion.

Plaintiffs sued in their individual names, alleging their joint interest as partners under the firm name of Smith, Baker & Co., and proved their partnership without proving the firm name. *Held,* that the fact of copartnership, and not the firm name, is the material allegation to be proved.

A conversion may be inferred from the taking of property and neglect to return it, or from admitted sales of the property.

Points and authorities of Appellants:

*First.*—The Court below erred in excluding the testimony contemplated by the question, " Who were engaged in cutting these logs in the winter of 1859–60 ?"

The witness had testified in chief that the logs were cut in the winter of 1859–60, on the St. Croix river. This was a proper cross-examination to test the witness' means of knowledge, and his recollection. You say the logs were cut in 1859–60. How do you know? Who cut them? &c. were the most natural and apposite questions to the cross-examination.

*Second.*—The Court erroneously permitted the Plaintiffs to ask whether the logs were in the same condition at the second time as the first for the purpose of showing that they were not all scaled.

The party is bound of course by the object stated in his offer, and is explained by the testimony which follows of the Surveyor General, alleged to have scaled the logs. I cannot conceive how the fact that the logs were more or less at two different days upon which the witness may have seen them, would tend to show that all of the logs taken were not scaled.

*Third.*—The Court below erred in refusing to sustain the motion for a dismissal on the grounds stated.

1st.—The complaint does not state a cause of action.

2d—The Plaintiffs have not proved a cause of action against the Defendants.

In the first place they do not prove that they are partners, and entitled to sue in the capacity they do. The only proof upon the subject is that they " agreed to go in together." *Collyer on Part.*, secs. 19, 21, 23; *Ib.*, secs. 685, 692; *Lawrence, Myers & Co. vs. Irvine, et al*, 4 *Min.* 229. Here there was no evidence at all of the terms or name of the partnership—all of which we see by the cases cited above was necessary. It will not of course be questioned that the Plaintiffs must recover as partners, and cannot as joint owners. This however would make no difference with the action, as nothing was shown of the acts of Plaintiffs about the logs except an attempt to establish an actual possession.

The case would stand somewhat more plausibly on the proof if Plaintiffs had proved that they agreed to go together under the name of Smith, Baker & Co., although this would be insufficient. Here we have an impersonal person substantive in Court, and not the slightest evidence that the Plaintiffs or anybody else were ever so named.

*Again.* The Plaintiffs should have been non-suited because they did not prove possession of the Plaintiffs or ownership. It became necessary for the Plaintiffs to prove that Smith, Baker & Co., the firm suing, were owners or in possession. They attempted no proof of ownership, and they made no proof of possession.

We have seen that there was no such person in existence as Smith, Baker & Co. This is enough. But all that the proof shows is that one of the parties alleged to be partners was on the logs at the time they were taken. It also appears that one of the judgment debtors was in the actual possession. In order to recover upon the mere fact of possession all of the Plaintiffs must have been actually in possession. If they had established the existence of the firm, and the ownership of the property, then, by relation of law, the presence of one of the parties on the property would have been sufficient. It is not enough here.

3d.—The Plaintiffs proved no conversion, one of the judgment debtors being in possession the Plaintiffs must allege and prove a demand before the officer will be liable. *Dorman vs. Gorham*, 6 *Cal.* 43; *Tyler vs. Seymour, Ib.* 512; 12 *Ib.* 123.

Points and authorities of Respondents:

*First.*—The complaint states facts sufficient to constitute a cause of action, and upon the trial in the Court below the Plaintiffs proved their case, and nothing was there error against the Defendants.

*Second.*—The allegation that "the Plaintiffs were possessed as of their own proper goods" of the property described, was not only a good allegation of their possession, but it was a sufficient allegation of their title to the property. It was the common form of stating the Plaintiff's possession and title to goods in the technical action of *trover* under the former practice. 2 *Chitty's Plds.* 835 *et seq;* 2 *Sel Nisi Prius*, 1400; *Sevier vs. Halliday*, 1 *Hemp.* 160.

*Third.*—Absolute ownership or legal title is not necessary to maintain trespass or trover; and against a mere stranger or wrong doer, who takes the property without any authority,

bare possession is sufficient. 2 *Greenl. Ev.* 618; *Whitney vs. Burnett*, 3 *Wis.* 625; *Outcalt vs. Darling*, 1 *Dutch*, (*N. J.*) 443.

*Fourth.*—Possession of chattels is evidence of title, and sufficient evidence against all the world except the person showing the legal title.

*Fifth.*—The partnership of the Plaintiffs was proved on the trial, and the property and the possession thereof being of and in the course of the partnership business, the possession of one partner was the possession of all.

*Sixth.*—The release of the property levied on or any part thereof would not mitigate the damages unless it was restored to the Plaintiffs. The quantity of logs taken and sold marked S V S is shown and admitted by the pleadings, except the six logs which were not scaled. The answer admits the taking, and seeks to justify it, but the justification is not proved.

L. E. THOMPSON and J. B. BRISBIN, Counsel for Appellants.

W. H. BURT, Counsel for Respondents.

*By the Court.*—EMMETT, C.J.—The first objection urged by the Appellants is, that on the cross-examination of a witness who had stated in chief that the logs were cut on the St. Croix river, in the winter of 1859-60, the Court excluded this question : " Who were engaged in cutting their logs in the winter of 1859–60 ?" The question was excluded on the ground of immateriality, and because it was not a cross examination.

When, where, or by what particular persons these logs were cut, was not material to any issue in the case. The answer alleges that they were " got out" by Jackman and Gardener, and were in their possession and belonged to them. The reply denies Jackman and Gardener's possession and property, but is silent as to their getting out the logs There was no issue therefore as to who actually cut or got out the logs, and when or where it was done was immaterial. Again, the question was entirely too broad. It was not directed either to the time and place stated by the witness in

his examination in chief, nor indeed was it specially confined to the logs about which he had been testifying. He had not stated who cut them, nor who were engaged in cutting logs that winter, while the question was, "Who were engaged in cutting *their* logs during the winter of 1859-60." It may be said that this had the range of the entire lumber district, embracing all the logs cut that winter, and every person engaged therein.

The second and third objections refer to evidence admitted touching the quantity of logs taken by the Defendants, or scaled by them, but we deem it unnecessary to discuss or determine the merits of either, inasmuch as there is really no issue as to the quantity. It will be found, on examining the pleadings, that the complaint alleges the taking and conversion of 199,386 feet. The answer admits and attempts to justify the taking of "about 200,000 feet." This, we think, is an admission of the quantity alleged in the complaint, and therefore, even admitting that the Plaintiffs proved the number of feet, by incompetent evidence, still the error could not prejudice the defendants.

The fourth ground of objection is that the complaint does not state a cause of action, because it alleges that the Plaintiffs were possessed of the property taken, *as of their own proper goods*, whereas the Plaintiffs should have alleged, either that they were the owners, or that they had a right to the possession as bailee, &c., as the fact might be ; and it is claimed that the allegation leaves it in doubt whether the Plaintiffs were really the owners, or had but a mere right to the possession ; or whether they were actually in possession, or constructively only.

We do not think this objection is well taken. The allegation is one familiar to common law pleadings, and is used and understood as alleging possession and ownership, as contradistinguished from possession without ownership, and followed, as it is in this case, by the allegation, "that the Defendants, on, &c., wrongfully and forcibly took the said logs *from the possession of the Plaintiffs*," I do not think that the pleading can be made to mean anything other than that the Plaintiffs were in the actual possession of the property at

the time it was taken. If, however, these doubts did reasonably exist, it was the duty of the Defendants to remedy it by a motion to have the pleading made certain.

Again, it is urged that the Plaintiffs did not prove that there was a partnership by the name of Smith, Baker & Co., nor that the firm of Smith, Baker & Co., was in possession. There was sufficient evidence of these facts to sustain the verdict. Baker, one of the Defendants, testified that the logs were in the possession of the Plaintiffs—that he, with Charles R. Gardener, Nathaniel Southwark and Frederick Gardener, was on the logs at the time they were taken, and that Gardener and Southwark were employed by the Plaintiffs. He also testified that the Plaintiffs had agreed previous to that time, in October or November, 1859, to go into partnership in the logging business. The jury might readily find from this testimony, the fact of partnership in the Plaintiffs, and their possession of the logs at the time they were taken by the Defendants. And the omission to prove the particular name by which the Plaintiffs alleged the firm was known or called, does not materially affect the substantial rights of the Defendants. The Plaintiffs sue in their individual names, alleging their joint interest as partners, under a certain name; and having proved the partnership, it was sufficient whether they proved the firm name or not. The partnership, not the name, is the material allegation to be proved.

The Defendants further insist that there was no evidence of a conversion, but as a conversion may be inferred from the taking of the property, and neglect to return it to the Plaintiffs, as well as from the sales thereof admitted in the answer, we think there was evidence sufficient on that point to sustain the verdict.

The judgment is affirmed.