## MARSH v. MEAD & Co. ET AL.

1. **Partnership:** JUDGMENT AGAINST PARTNERS INDIVIDUALLY. Where the petition, in an action against a partnership, did not ask for a judgment against the partners individually, it was irregular to render a judgment against them as individuals; but such judgment would not be void for want of jurisdiction, and could not be attacked collaterally.

2. **Tender:** JUDGMENT: INJUNCTION. Where the plaintiff in his petition for an injunction to restrain the collection of a judgment, pleaded payments upon the judgment, and also contested in good faith the validity of the entire judgment, a tender of the amount not claimed to have been paid before commencing the action was not necessary.

*Appeal from Winneshiek District Court.*

MONDAY, DECEMBER 19.

ACTION for an injunction to restrain an execution sale. The plaintiff avers that the judgment upon which the execution

issued has no validity, for want of jurisdiction in the court to render the judgment. He also avers that payments to the amount of about $350 dollars have been made upon the judgment, but which have not been credited thereon. The defendants for answer denied all the material allegations of the petition. They also moved to dissolve the injunction. Several affidavits and counter-affidavits were filed upon the hearing of the motion. The same was sustained, and from the order sustaining it the plaintiff appeals.

*C. M. Brooks* and *Reed & Marsh*, for appellant.

*L. Bulis*, for appellees.

ADAMS, CH. J.—The judgment appears to have been obtained in an action brought by the the defendants, Mead & Co., against a partnership, H. C. Marsh & Co. The judgment was rendered against H. C. Marsh alone. No copy of the pleadings in the case in which the judgment was rendered was set out, but there is a statement that the pleadings were introduced in evidence upon the hearing of the motion, and there is also a statement that they do not show the names of the individual partners, and do not show that any judgment was asked against them individually.

No objection is made by the appellee to this method of abstracting and as the conclusion which we have reached is adverse to the appellant upon this point, we shall assume that the pleadings introduced in evidence showed what he states they showed, and only that.

Where in an action upon a claim against a partnership, judgment is not sought against the partners individually, it is certainly irregular to render a judgment against them individually, and we are not prepared to say that such judgment against partners not served with notice might not be treated as void. But as against partners served with notice, we think, it would at most be merely irreg-

1. PARTNER-
SHIP: judg-
ment against
partners in-
dividually.

ular. The appellant contends that the firm and the members thereof are as distinct as two individuals, but this is evidently not so. Each partner owes the whole debt. A judgment against the firm by its firm name binds each member so far as the matters therein adjudicated are concerned. At least this was so under the Revision, because under it a judgment against the firm may be enforced by *scire facias* against the individual property of the partners. Section 2785. At the time this judgment was rendered the Revision was in force. Even partners not served, then, were regarded as before the court in some sense; in a still stronger sense partners served would be. In the action in which the judgment complained of was rendered, we may asume that H. C. Marsh, the present plaintiff, was served with notice or voluntarily appeared. It would have been proper for the court to render judgment against all the partners individually who have been served or who had appeared, if the petition had been drawn in the proper form for that purpose. Now, in our opinion, the lack of such form will not justify us in saying that the court was without jurisdiction. The judgment then cannot properly be assailed in a collateral proceeding like the present.

The plaintiff, however, avers that large payments have been made upon the judgment which have not been credited thereon. 2. TENDER: judgment: injunction. He shows that the payments were made to one Tappan, the attorney of record in the cause in which the judgment was obtained, and who had control of the judgment at the time the payments were made. The dates and amounts of payment are specifically set out.

The defendants do not in their answer deny these payments. The allegations in respect to the payments are contained in an amendment to the petition. No answer to this amendment appears to have been filed. The affidavits introduced by the defendants do not show that the payments were not made as alleged.

Now, while the dissolution of a temporary injunction rests

much in the discretion of the court, it appears to us in view of the condition of the pleadings, and all that is disclosed by the affidavits, that the injunction should have been dissolved only as to that part not alleged to have been paid and that as to the other part it should have been continued to the hearing.

The appellees insist that the want of a tender before action was fatal to the plaintiff's claim, so far as it was based upon the allegations that the judgment had been partially paid. They cite *Sloan v. Coolbaugh*, 10 Iowa, 32. But that case differs from this. The question in that case arose upon demurrer to the petition. In the petition it was admitted that there was something due, but it was not averred that the amount admitted to be due had been tendered. The court held that the petition was defective. In the case at bar the petition does not admit that anything is due. The plaintiff sought by his petition to contest, in good faith, as we doubt not, the validity of the entire judgment. It was his right, we think, to have an adjudication upon that point. The want of a tender, therefore, of the part not alleged to be paid did not, we think, deprive him of the right to have the injunction as to the other part continued to the hearing.

REVERSED.