[Filed June 21, 1892.]

## L. W. WALLACE v. S. B. BAISLEY.

COMPLAINT AND ANSWER—IMMATERIAL ISSUE—JUDGMENT ON PLEADINGS.— Where the only issue in a case is raised by a denial, in the answer, of immaterial allegations in the complaint, without which a complete cause of action would remain, the plaintiff is entitled to a judgment on the pleadings, as a legal right which the court cannot refuse.

PLEADINGS—AMENDMENTS—DISCRETION OF COURT.—The allowance of amendments to pleadings and the terms thereof are wholly within the discretion of the trial courts; and their decisions on those questions will not be reviewed in this court except for an abuse of discretion to which an exception has been properly taken.

Baker county: M. D. CLIFFORD, Judge.

Defendant appeals. Affirmed.

This action was originally commenced in the name of I. R. Dawson, as plaintiff, but while it was pending, the plaintiff died, and the present plaintiff was substituted, having succeeded to Dawson's interest in the action. The complaint charges that at all times therein alleged, the defendants E. Silver and S. B. Baisley were partners under the firm name of E. Silver & Co. The complaint then charges that between the first day of April and the first day of November, 1890, I. Lang, E. Lang, L. Lang, and —— Lang, who were then and are now partners under the firm name of Lang & Co., sold and delivered to the defendants, at their special instance and request, goods, wares, and merchandise, of the reasonable value in the aggregate of three thousand and eighty-five dollars and twelve cents. This was followed by other necessary allegations, and then various payments were alleged. The complaint contains several other counts, but each was in substance of the same tenor, varying as to time and amount. The defendant Baisley answered separately, but the only issue tendered by him was a denial that he and Silver were partners at the times charged in the complaint, or at any time. These denials were repeated as to each count. A jury was called,

and the plaintiff having introduced his evidence rested his case. The bill of exceptions recites that the defendant S. B. Baisley was called as a witness to prove certain facts tending to show that a partnership did not exist between the defendants. This was objected to by the plaintiff, for the reason that the answer tendered no material issue, which objection was sustained by the court, to which an exception was taken. The defendant Baisley then asked for leave to amend his answer so as to deny all the material allegations of the complaint, which the court refused, but no exception was taken to this ruling of the court. Thereupon, under instructions by the court, the jury returned a verdict for the plaintiff for two thousand and eleven dollars and one cent, upon which judgment was duly entered, from which this appeal was taken.

*G. O. Holman, L. M. Robinson,* and *J. L. Rand,* for Appellant.

*W. F. Butcher,* for Respondent.

STRAHAN, C. J.—The exception to the court's ruling excluding Baisley's evidence in relation to the non-existence of the partnership, cannot be sustained. The answer, by not denying, admitted the sale and delivery of the goods to the defendants, as well as their value. The issue taken, therefore, on the allegation of partnership between Silver and Baisley at the time of the sale and delivery of the goods, was entirely immaterial. That allegation might have been stricken from the complaint, and a good cause of action would have remained. This stood confessed by the answer; and the question of partnership, no difference what view the jury might have taken of it, could not have affected or changed the result; the plaintiff would still have been entitled to recover on the pleadings as they stood. (*Whitwell* v. *Thomas,* 9 Cal. 499; *Hunter* v. *Martin,* 57 Cal. 365; *Wood* v. *Henry,* 40 N. Y. 124; *Loper* v. *Welch,* 3 Duer, 644; *Millard* v. *Thorn,* 56 N. Y. 402.)

These authorities also dispose of the other exception. The plaintiff's cause of action being admitted by the answer, the court could not have done otherwise than to direct a verdict for the plaintiff. There was nothing for the jury to find. Under the state of the pleadings, the plaintiff was entitled to a judgment as a legal right which the court could not have refused.

The defendant also suggested on the argument his right to amend, but that question is not before us, no exception having been taken to the ruling of the trial court. We have constantly encouraged the practice of allowing amendments liberally, so as to enable the parties while in court to have their differences settled and determined; but the allowance of such amendments, and on what terms, are wholly with the trial court, subject to review here in case such discretion is abused; but it would be going beyond all precedent to reverse the judgment of the court below for refusing to permit an amendment, when the proposed amendment was not made out and submitted to the court, and when no exception was taken to the court's ruling denying it.

The judgment appealed from must therefore be affirmed.