# CHARLESTON.

COURSON *et al. v.* PARKER *et al.*

Submitted June 11, 1894.—Decided November 24, 1894.

1. AMENDMENT—PRACTICE

A variance between the writ and declaration may be amended at any time before judgment, if substantial justice may be done thereby.

2. PARTNERS AND PARTNERSHIP—PLEADING—PRACTICE.

At common-law partners can not be sued otherwise than in their individual names, and the allegation of a partnership name is merely for the purpose of identification and description, is immaterial and need not be proven; and hence the unnecessary use of it may be regarded as mere surplusage.

3. ATTACHMENT—AFFIDAVIT.

"At least" used in an affidavit for an attachment is synonymous with and fairly equivalent to the phrase "at the least," as used in the statute relating to such affidavits.

R. McELDOWNEY for plaintiffs in error cited Code, c.

125, s. 12 ; 58 W. Va. 656, 657 ; 24 W. Va. 211, 212 ; 18 S. E. R. 573, 754, 755 ; 18 Am. Ency. Law 584.

B. T. Bowers, for defendants in error cited 37 W. Va. 851.

Dent, Judge :

L. W. Courson and Morris H. Hannan, partners as Courson & Hannan, instituted an action of *assumpsit* on the 16th day of September, 1892, in the Circuit Court of Tyler county against Y. U. Parker and R. W. Wallace. Summons was served on the defendants personally. On the same day an affidavit was filed for an attachment, in which the defendants were styled, "Partners, as Parker & Wallace" ; but the attachment was issued against them individually. At the October rules, 1892, the plaintiffs filed their declaration against the defendants, in which they style them "Partners, as Parker & Wallace." At the same rules, defendants appear and file two pleas in abatement—the first to the action denying the partnership, and setting out that there was such a firm as Parker & Wallace composed of M. C. Parker and R. W. Wallace, M. C. Parker being the wife of Y. U. Parker and a resident of the city of Pittsburg, state of Pennsylvania; the other, to the attachment setting up the same matters. Issue was joined and tried on the first of these pleas and resulted in a verdict for the plaintiffs, which the court set aside for some reason not disclosed in the record.

Without proceeding further with this issue the plaintiffs at the February rules, 1893, filed an amended declaration corresponding with the original writ and simply omitting therein to style the defendants " Partners, as Parker & Wallace." Order of publication against and personal service were had on the defendants to answer this declaration. At the August term of court the defendants appeared and demurred to the declaration, which demurrer was overruled. The defendants pleaded *non assumpsit* and tendered notice of recoupment. The court deeming the issue on the plea of abatement no longer material, by reason of the amended declaration, set it aside and gave judgment against the plaintiffs for the costs incurred by reason

thereof. On the issue joined, the jury found a verdict for the plaintiffs, and assessed their damages at two thousand five hundred and forty four dollars. A motion to set aside the verdict was overruled, and judgment was entered for the plaintiffs. The plea in abatement and motion to quash the attachment were overruled, and an order entered in favor of plaintiffs against the attached property. The defendants insisted on the following errors: (1) that the amended declaration was improperly filed; (2) that the affidavit for the attachment and the attachment were not quashed.

The only reason given to sustain the first proposition is, that, the first declaration having described the defendants "Partners, as Parker & Wallace," the plaintiffs had no right to file a new declaration against them as individuals without dismissing their first and bringing a new and independent suit. Without deciding whether it was necessary or material for the plaintiffs to do so or not, it is sufficient to say, that they had a perfect right by amendment to correct any variance between the declaration and the writ at any time before trial. Code, c. 125, 12, 15. All they did in this case was to make the original writ and declaration correspond; and as a matter of course the amended declaration superceded the original and the pleas filed thereto, except in so far as they might be proper under the amended declaration.

Two reasons are given why the affidavit and attachment should be quashed: (1) because the defendants are styled "Partners, as Parker & Wallace"; and (2) because the words "at least" are used, instead of the words "at the least." The common-law rule is that a partnership name is a mere matter of description and identification, and is not an indispensable requisite to the existence of a partnership, and, when used, only raises a disputable presumption. The conception of a partnership at common-law is that it is not a thing in any way distinct from the members composing it. A different rule prevails in courts of equity, where the partnership is sometimes regarded as having a separate existence or entity. 17 Am. & Eng. Enc. Law, 912, 918.

"All contracts with partners are joint and several, and every partner is liable to pay the whole, and in what proportion the others are contributors is a matter merely among themselves. The plaintiff may however bring his action against one, but he may compel by a plea in abatement the plaintiff to join them ; but if one partner is out of the kingdom and not amenable to the process of the court, the plaintiff may proceed singly against the other." 2 Tuck. Bl. Comm. 141 ; 1 Wils. 7 ; *Brown* v. *Belcher,* 1 Wash. (Va.) 9. Partners must be sued in their individual and can not be sued in their partnership names. Story, Partn. § 241, note 2. "An allegation that partners did business under a stated name is immaterial and need not be proved." *Stickney* v. *Smith,* 5 Minn. 486 (Gil 390).

If it is shown that the defendants were partners or jointly liable, that is sufficient, and the name, whether any or not, under which they were doing. business, is immaterial and need not be alleged or proven. Hence we conclude that the use of the words "Partners, as Parker & Wallace," or "Wallace & Parker," in the affidavit and sheriff's return, was immaterial, and the words must be treated as mere surplusage, the defendants being fully identified without them.

The further question is presented :—Can the words "at least," as used in the affidavit, be regarded under the recent decisions of this Court as equivalent to the words "at the least," as used in the statute. If we literally follow the opinion of the majority of this Court, as expressed by Judge HOLT in the case of *Altmeyer* v. *Caulfield,* 37 W. Va. 847 (17 S. E. Rep. 409) and confirmed after more mature consideration in the opinion in the case of *Crim* v. *Harmon,* 38 W. Va. 596 (18 S. E. Rep. 753) we can reach but one conclusion, and that is, that the affidavit is defective and should be quashed. In the case of *Altmeyer* v. *Caulfield,* on page 849, 37 W. Va., and page 409, 17 S. E. Rep. the judge says : "The best rule to arrive at the meaning of the statute as amended is to abide by the words the law-maker has used, so that no clause, sentence or word shall be superfluous, void or insignificant." And in the case of *Crim* v. *Harmon,* 38 W. Va. 599 (18 S. E. Rep. 753) he says : "The history of the statute forbids any such loose

construction.   The formula for the affidavit is the result of
seventy five years of legislative consideration, passing
through three revisals—that of 1819, 1849 and 1868 ; and
it has brought together and methodized, shortened and
simplified, until that part has no superfluous or unmeaning
words in it."

To hold that the expression "at least," as used in this
affidavit, is equivalent to the expression "at the least," as
used in the statute, is to render the word "the" insignifi-
cant, superfluous and unmeaning, and so positively and di-
rectly contravene the opinion of the Court before quoted.
Hence, to strictly follow the verbiage of these decisions,
there is nothing for the Court to do but to quash the affi-
davit and attachment.   Yet the word "the," to carry these
decisions to their legitimate result in disregard of the lan-
guage used, has no meaning, nor can it be given any, but
is insignificant, superfluous and void.   If the statute is con-
strued in accordance with the dissenting opinion in the case
of *Altmeyer* v. *Caulfield, supra,* which is to the following ef-
fect, to wit :   That the affiant in stating the amount
should state it at the least sum he was justly entitled to re-
cover, and it was no more necessary to use the words "at
the least" in the affidavit than to use the word "amount,"
but the two should be construed as one word, descriptive
of the sum to be stated—the word "the" is given a mean-
ing, and no word in the statute is rendered superfluous, in-
significant, or unmeaning, although it is made unnecessary
to express them in *haec verba* in the affidavit.   To change
the statute so as to make it read "stating the nature of the
plaintiff's claim, and the amount at least, which the affiant
believes the plaintiff is justly entitled to recover," makes
quite a difference from stating "the amount at the least"
which affiant believes the plaintiff is entitled to recover, in
my opinion.   In one case it means that the affiant must
state the amount to be at least such a sum.   In the other
case it means that the amount stated must be the least sum
the affiant believes the plaintiff is justly entitled to recover.
One deals with the manner ; the other, with the substance ;
and yet in legal effect they amount to the same thing.
To make affidavit "that the plaintiff is justly entitled to re-

cover five hundred dollars at the least is nothing more than equivalent to saying that the plaintiff is justly entitled to recover at least five hundred dollars, except that the latter makes better English and better sense with the unnecessary word "the" eliminated. The conclusion, therefore, follows, that, when the majority of the court construed the statute so as to require the affidavit to state the amount claimed as a certain fixed sum "at the least," it really determined that the phrase "at the least" meant nothing more than and was synonymous with the words "at least," and thereby they rendered insignificant, superfluous and meaningless the word "the," although the broad and comprehensive language used points in an opposite direction.

There being no error apparent in the judgment rendered by the Circuit Court in this case, the same is affirmed.