# CHARLESTON.

WEIMER *et al. v.* RECTOR *et al.*

Submitted June 8, 1897—Decided November 11, 1897.

| 43 | 735 |
| f50 | 150 |
| 43 | 735 |
| 62 | 460 |
| 43 | 735 |
| f64 | 504 |

1. JUSTICE OF THE PEACE—*Summons—Misnomer—Waiver.*
    A misnomer in a justice's summons is amendable, and is waived and cured by appearance and plea to the action. (p. 736.)

2. PARTNERSHIPS—*Judgment.*
    A judgment against the individual members of a firm on a firm liability is not erroneous for failure to set out the firm name. (p. 737.)

Error to Circuit Court, Taylor County.

Action by Weimer, Wright & Watkins against W. A. Rector and E. L. Rector. Plaintiffs had judgment. Defendants bring error.

*Affirmed.*

J. G. ST. CLAIR, for plaintiffs in error.

JOHN H. HOLT, for defendants in error.

DENT, JUDGE :

At the September term, 1893, of the Circuit Court of Taylor County, Weimer, Wright & Watkins obtained a judgment against William A. Rector and Emory L. Rector for the sum of two hundred and thirty eight dollars and fifty-nine cents, with interest and costs; being an affirmation of the judgment of a justice of the peace. Defendants, on writ of error to this Court, claim that the judgment was erroneous, for the reasons : (1) That the suit was brought, as shown by the summons, in the name of Weimer, Wright & Co., while the judgment is taken in the name of Weimer, Wright & Watkins; (2) that the defendants were sued as a partnership, and the judgment is against them individually; (3) insufficiency of the evidence to warrant a judgment.

As to the last objection, it is sufficient to say that the evidence is not made a part of the record, nor anywhere appears therein.

The first objection, while urged as showing a suit by one firm, and a judgment in favor of another, simply shows a misnomer, to which no objection was made before the justice, nor in the circuit court, but clearly appears to have been waived. Section 14, chapter 125, Code, provides that "no plea in abatement for a misnomer shall be allowed in any action, but in a case wherein, but for this section, a misnomer would have been pleadable in abatement, the declaration and summons may, on motion of either party, and on the affidavit of the right name, be amended by inserting the same therein." This section applies alone to actions in the circuit court, and is quoted here simply to show by analogy to what extent pleadings are amenable in a justice's court. Clause 10, s. 50, c. 50, Code, provides,

"The pleadings may be amended at any time before the trial, or during the trial, when by such amendment substantial justice will be promoted." This necessarily includes the correction of a misnomer showing a variance between the summons and complaint, or the contract sued upon. *O'Connor* v. *Dils*, 43 W. Va. 54, (26 S. E. 354). But no objection was made to such misnomer, and the defendants appeared and pleaded to the action in total disregard thereof, both before 'the justice and in the circuit court, the only plea entered being that of payment; thus admitting the original cause of action, and waiving the misnomer, which appears in no place except in the summons. Therefore, if there might have been any force in such objection if urged in time, other than to compel an amendment of the summons, the appearance and plea to the action cures the same, as thereby the summons is rendered *functus officio*, and the further proceedings in the right name will be regarded an amendment thereof.

The judgment against the partners individually, in disregard of the partnership name, is not an error of which they can complain, for the reasons given in the case of *Courson* v. *Parker*, 39 W. Va. 521, (20 S. E. 583). Partners are jointly and severally liable for partnership obligations, and judgment may, in a proper case, be taken against them jointly or severally. There being no error to the prejudice of the defendants, the judgment is affirmed.

*Affirmed.*