## IN THE MATTER OF WING YICK COMPANY.

### May 8, 1905.

*Partnership—Assumpsit—Judgment:* Where, in an action of assumpsit on a promissory note, signed by a firm by its partnership name, the pleadings, process and title of the case in the minutes of the court, showing that the proceedings were brought against the partnership, the judgment is entered against the individuals composing the partnership without reference to the partnership, it is a judgment against the partnership.

In Bankruptcy: Petition for Adjudication of Involuntary Bankruptcy.

Thompson & Clemons, Attorneys for Petitioners.
H. G. Middleditch, Attorney for Respondents.

DOLE, J. This is a petition for involuntary bankruptcy against Lau Sai, Lau Kam Yau, alias Lau Kau Yau, Lau Yan, Young Wai On, and Lau Koon Choi, copartners doing business under the firm name and style of Wing Yick Company. The

act of bankruptcy charged is in substance that the partnership, through legal proceedings, while insolvent, gave a preference to one of the creditors, to wit, H. Hackfeld & Company, Ltd. The answer denies that Wing Yick Company committed the act of bankruptcy alleged and contends that it should not be adjudged to be a bankrupt for any cause in the petition set forth.

The ground on which the respondents defend is that the judgment in the legal proceedings which resulted in a judgment in favor of H. Hackfeld & Company, Ltd., and was followed by an execution, was not a judgment against Wing Yick Company, but against the individual partners.

It appears that the proceedings mentioned were based upon a certain note signed by the firm name of Wing Yick Company, upon which certain instalments had been paid, leaving a balance, for which balance action was brought, summons and attachment issued and a judgment rendered, followed by execution as mentioned above. All of the papers in these proceedings show a case against the firm, except the record of the judgment, which was in a Magistrate's court and which reads: "Judgment for plaintiff against Lau Sai, Lau Kau Yau, Lau "Wan, Young Wai On and Lau Koon Choi."

Counsel for respondents claims that this judgment was responsive to the return of the writ of process. The return of service referred to shows a service on Lau Koon Choi, Lau Kau Yau, Lau Yuen and Lau Wan, at Honolulu, by handing to each of them a copy thereof and at the same time showing them the original; on Lau Sai, Young Wai On and Young Chan, by leaving a copy for each of them at his last place of business in charge of Lau Koon Choi, "a member of the within named "company, to wit, Wing Yick Company, at Honolulu, Oahu, "this 16th day of December, A. D. 1904. And in pursuance "of said order of attachment I have on the 14th day of Decem- "ber, A. D. 1904, taken possession of the store owned by said "Wing Yick Company, together with the goods therein." Following the judgment, execution was issued against the respondents, referring to them as individuals and describing them as

doing business as Wing Yick Company. With this reference in the return of process to Wing Yick Company, named in the summons, there seems to be no basis of a claim that the return of process referred solely to the partners in their individual capacities.

"Who are parties to a suit is to be determined by all the pleadings, process and proceedings in the case; and a judgment is operative for or against all who are real parties, though their names be incorrectly given in or omitted from the judgment." *McCarthy v. Kittrell,* 55 Miss. 253; *Prall v. Peet,* 3 La. 274; *Succession of Reagan,* 12 La. Ann. 156; *Davis v. Hoopes,* 33 Miss. 173; *Weimer v. Rector,* 43 W. Va. 735, 28 S. E. 716, 717; *Marsh v. Mead & Co.,* 57 Iowa, 535; *Gale v. Townsend,* 45 Minn. 357; *Shriver's Lessee v. Lynn, et al.,* 43 U. S. 43 (syllabus).

It is clear to me that this was a suit and judgment against Wing Yick Company; the record conclusively shows it and the mere fact that the record of the judgment does not expressly mention the defendants as members of the company does not invalidate or do away with all of the allegations and statements of the papers of the case.

The prayer of the petition is allowed and the firm of Wing Yick Company is adjudged a bankrupt.