[Civ. No. 677.  First Appellate District.—March 9, 1910.]

## GRANGERS' UNION, a Corporation, Respondent, v. R. POR-TER ASHE and GASTON M. ASHE, Appellants.

ACTION FOR GOODS SOLD AND DELIVERED—PLEADING—PARTNERSHIP—DENIAL OF INDIVIDUAL LIABILITY—SUPPORT OF INDIVIDUAL JUDGMENT.—In an action for goods sold and delivered, where both defendants are charged in the complaint with liability as copartners, but the answer denies liability of the defendants either as partners or individually, upon failure to prove the partnership, both of the defendants are not necessarily entitled to judgment in their favor, but it may be said that the answer raised an issue not tendered by the complaint, upon which an individual judgment may be based.

ID.—PROMISE BY ONE DEFENDANT TO PAY FOR GOODS—CODEFENDANT NOT BOUND.—Where one defendant promised in the name of himself and his codefendant to pay for the goods to be sold, and he had no authority to bind his codefendant, it makes no difference to his liability to individual judgment that he was not a partner with his codefendant, or that the allegations of the partnership were not proved.

ID.—REVERSAL OF JUDGMENT AGAINST CODEFENDANT.—There being no evidence to support the individual judgment against the codefendant, it must be reversed.

ID.—MODIFICATION OF JUDGMENT AS TO DEFENDANT LIABLE—IMPROPER INTEREST.—The court could not properly allow legal interest on an open account for goods sold from the date it was found to be due prior to the filing of the complaint. It can only be allowed from the filing of the complaint until the judgment was rendered; and the judgment against the defendant liable on his promise to pay the account must be modified by deducting interest improperly allowed by the court below, and, as so modified, it will be affirmed.

APPEAL from a judgment of the Superior Court of San Benito County.  M. T. Dooling, Judge.

The facts are stated in the opinion of the court.

John T. Thornton, and Leo. C. Lennon, for Appellants.

Briggs & Hudner, for Respondent.

KERRIGAN, J.—This is an action for goods sold and delivered. The case was tried by the court sitting without a

jury, and judgment went for plaintiff against the defend-
ants. The appeal is from that judgment, taken within sixty
days after the entry thereof under sections 941A, 941B and
941C of the Code of Civil Procedure.

The facts of this case are simple, and no question of diffi-
culty is presented. The defendants claim that the goods
were sold and delivered to the Ruinart Stock Farm, a cor-
poration. Plaintiff, on the other hand, alleged in its com-
plaint that the defendants were copartners, doing business
under the name of Ruinart Stock Farm, and were liable as
such for the goods and supplies furnished.

The evidence introduced by the defendants tended to prove
that the goods were, as claimed by them, sold and delivered
to the Ruinart Stock Farm, and in corroboration of this evi-
dence it was shown by the plaintiff's books of account that
the merchandise in question was in fact charged to the Ruinart
Stock Farm. Plaintiff, however, introduced evidence · that
Gaston M. Ashe represented to the manager of the plaintiff
that he, with his brother and codefendant, would be personally
responsible for said goods; that upon being asked by said
manager how the account should be charged, Gaston M. Ashe
said that it had better be charged to the Ruinart Stock Farm,
and accordingly the merchandise was so charged. There is
no evidence in the record showing that the defendants were
partners, and the court found they were not, and the record
shows that Gaston M. Ashe had no authority to represent
to plaintiff that R. Porter Ashe would be liable personally
for the supplies furnished.

The complaint alleges that the defendants are liable as
partners, while the findings are that there was in reality no
such partnership, wherefore defendants suggest that the judg-
ment should have been rendered in their favor. But they,
in effect, denied liability as partners or individuals, and thus,
it may be said, raised an issue not raised by the complaint,
and one upon which an individual judgment might be based.
(*Flinn* v. *Ferry,* 127 Cal. 648, [60 Pac. 434]; *Vance* v. *An-
derson,* 113 Cal. 532, [45 Pac. 816]; *Dobee Co.* v. *Keystone
etc. Co.,* 145 Cal. 491, [78 Pac. 1050].) However, it appear-
ing that Gaston M. Ashe had promised to pay for the goods
to be sold, it makes no difference so far as his liability is con-
cerned that he was not a partner with R. Porter Ashe, or that

the allegation of the partnership was not proved. (2 Bates on Partnership, sec. 1068; 1 Bates on Partnership, secs. 170, 171; *Courson* v. *Parker,* 39 W. Va. 521, [20 S. E. 583]; *Weimer* v. *Rector,* 43 W. Va. 735, [28 S. E. 716]; 15 Ency. of Pl. & Pr. 955; *Hunter* v. *Martin,* 57 Cal. 365; *Wallace* v. *Baisley,* 22 Or. 572, [30 Pac. 432]; *Marx Bros* v. *Calpepper,* 40 Fla. 322, [24 South. 59]; *Whitwell* v. *Thomas,* 9 Cal. 499.)

The court allowed interest at the rate of seven per cent per annum on the amount of the claim from the date it was found to be due. This was error. No interest can be recovered in an action for goods sold and delivered upon an open account prior to the filing of the complaint. (*Pacific Mutual Life Ins. Co.* v. *Fisher,* 106 Cal. 224, [39 Pac. 758]; *Cox* v. *McLaughlin,* 76 Cal. 60, [9 Am. St. Rep. 164, 18 Pac. 100]; *Heald* v. *Hendy,* 89 Cal. 633, [27 Pac. 67]; *Easterbrook* v. *Farquarson,* 110 Cal. 311, [42 Pac. 811]; *Lane* v. *Turner,* 114 Cal. 396, [46 Pac. 290].) Calculating interest at the legal rate on the principal sum found to be due from the date the complaint was filed until the judgment was rendered would give an amount less by the sum of $40 than the amount allowed as interest on the judgment.

There being no evidence to support the judgment against R. Porter Ashe, it must as to him be reversed, and it is so ordered. As we have just seen, however, there is evidence to support the findings against Gaston M. Ashe; and as to him the judgment is directed to be modified by deducting therefrom the sum of $40 as of its date of entry, and as so modified it is affirmed.

Cooper, P. J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 7, 1910, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 29, 1910.