# CHARLESTON.

## FREDLOCK *v.* FREDLOCK · *et als.*

Submitted September 12, 1911. Decided April 9, 1912.

1. SPECIFIC PERFORMANCE—*Proceedings—Sufficiency of Evidence.*
   Specific execution of an alleged contract with the widow, to divide and partition the personal estate of a decedent otherwise than according to the law of descents and distribution, in consideration of the conveyance by the heirs to her of the homestead, denied for failure of proof of such contract (p. 610).

2. EXECUTORS AND ADMINISTRATORS—*Accounting—Commissions.*
   If a fiduciary has not, within six months after the end of any year after his qualification, laid before a commissioner of accounts, a statement of his receipts for such year, or has not within such time laid such statement before a commissioner, who in a pending suit may have been ordered to settle his accounts, as provided by section 7, chapter 87, Code 1906, he shall be allowed no commissions. The statute is mandatory. (p. 610).

3. PARTNERSHIP—*Actions—Judgment—Validity.*
   The judgment of a justice in favor of a firm, suffered by default, is not void, and subject to collateral attack, because the names of the individuals composing the firm have not been set forth in the summons, as provided by section 25, chapter 50, Code 1906. (p. 611).

4. JUSTICES OF THE PEACE—*Judgment—Validity.*
   The following entry in the docket of a justice: "Feb'y. 19, 1908, time for trial; the plaintiff appeared; defendant did not

appear, and after waiting for some time plaintiff claimed judgment for the amount of his claim and interest thereon," constitutes no judgment, and is void, as a lien on defendant's land. (p. 612).

Appeal from Circuit Court, Mineral County.

Bill in equity by Frederick L. Fredlock against Susan M. Fredlock and others. From a decree for defendants, plaintiff appeals.

*Affirmed in part.    Reversed in part.    Remanded.*

*Taylor Morrison* and *H. K. Drane,* for appellant.

*Frank C. Reynolds,* for appellees.

MILLER, JUDGE:

The decree below, on review here, overruled all exceptions to the commissioner's report, adjudged plaintiff not entitled to have the deed, from himself and brothers to his mother, Susan M. Fredlock, set aside, nor to have the personal property of his father's estate partitioned in the proportion of one fourth to his mother, and a like one fourth to himself and to each of his brothers, as he alleges in his bill it was agreed should be done as a consideration for making said deed. And among other things, the court further decreed, that said Susan M. Fredlock, administratrix, in accordance with the settlement of her fiduciary accounts, made and reported by said commissioner, should forthwith make distribution of the funds reported in her hands, to A. M. Fredlock, $976.03, and to W. H. Fredlock and Frederick L. Fredlock, each, the sum of $976.04, and that she should also forthwith have appraised, all the household and kitchen furniture owned by her late husband at his death, not included in the prior appraisement returned to the clerk's office, and thereafter sell the same, and return a report thereof, with said appraisement to the next term of the court.

For reasons not very apparent, except the probable necessity of a sale of the lands sought to have partitioned, plaintiff, in his original and amended bills, impleaded the defendant, William T. Jamesson, surviving partner of himself and Jacob S. Jamesson, deceased, late partners as Jacob S. Jamesson & Brother, alleging in his original bill that suit had been

previously brought in the name of Jacob S. Jamesson & Brother against him before a justice, and summons served upon him; that at the time of the suit Jacob S. Jamesson was dead, but regardless of this fact the justice, on February 19, 1908, had pronounced judgment against him for $294.00, and costs, which judgment had been afterwards docketed in the county clerk's office. In his original and amended bills he charges the proceedings of the justice to be null and void; that the judgment is a nullity, and constitutes no lien on his interest in the real estate sought to have partitioned; first, because the suit is in the name of the partnership, without naming the individuals comprising the partnership, as required by law, section 25, chapter 50, Code 1906; second, because, though he made certain entries in his docket, the justice in fact pronounced no judgment against him, that the entry on his docket, on February 19, 1908, that after waiting for some time, "plaintiff claimed judgment for the amount of his claim and interest thereon," constituted no judgment against him. On the issues of law and fact presented by these allegations, and the answer of William T. Jamesson, surviving partner, &c., thereto, the court by the same decree denied relief to plaintiff against said judgment, and adjudged that the amount thereof as found by the commissioner be paid out of the interest of plaintiff in the proceeds of the sale of the lands sold in partition, and this action of the court is another point of error relied on here.

The main purpose of the suit is to have set aside the deed from plaintiff and his brothers to Susan M. Fredlock, or, in the alternative, to specifically enforce the alleged contract, to divide and partition the personal estate in the proportions aforesaid, instead of in the proportion of one-third to the mother, and one-third of the remaining two-thirds to each of the three brothers, as certain stocks in certain corporations had been previously divided and distributed by her; to settle the accounts of said administratrix, and to have distributed the remaining personal estate in like proportion; and also to have all the real estate of which plaintiff's father died seized and possessed, which it was alleged was not susceptible of partition in kind, sold, and the proceeds thereof divided and partitioned to those entitled thereto.

We have carefully examined and considered the pleadings and proofs on the issues presented, respecting the alleged contract with Mrs. Fredlock. Though the bill alleges the contract to have been between grantors and grantee, plaintiff's own evidence is, that the contract was made with him alone. His mother in her evidence flatly contradicts him; and his two brothers both deny that any such contract was made with them. They and their mother testify that the deed was made to her for the homestead, because they thought she ought to have it, and because it was her individual money mainly which had gone into the construction of the house. We are of opinion, therefore, that plaintiff has wholly failed to make out his case, and that the decree below on this issue is clearly right.

The next point of error relied on by plaintiff is, that the court erred in overruling his exception to the commissioner's report, allowing the administratrix commissions on the money found in her hands, because of her failure to settle her accounts, within the time required by law. E. J. Fredlock, his father, died February 7, 1908. Mrs. Fredlock was appointed and qualified administratrix, February 27, 1908. So far as the record shows the administratrix never made settlement of her accounts before a commissioner of accounts; and, except to distribute to the heirs certain stocks in certain corporations soon after the death of decedent, she never settled with the heirs for what was due them. This suit was brought February 23, 1909, within less than a year after her appointment and qualification as administratrix; but the order of reference to the commissioner before whom she was required to make settlement was not made until January 27, 1910, and the commissioner did not give notice to begin the account until May 3, 1910, and did not complete his report until July 19, 1910.

It therefore clearly appears that the administratrix, for more than six months after the end of the year following her appointment, failed to lay her accounts before a commissioner of accounts of the county-court; nor did she within such period lay a statement of her receipts within the year before the commissioner, before whom in this suit she was ordered to settle her accounts, or in any other way comply with section 7, chapter 87, Code 1906, so as to entitle her to allowance of com-

missions. The commissioner, however, in his report, excepted to, allowed Mrs. Fredlock commissions to the amount of $234.89.

A proper construction of our statute, we think, requires us to hold that this was error for which the decree below must be reversed. Our statute, section 7, chapter 87, Code, is the same as section 8, chapter 132, Code Virginia, 1860, differing materially from the present statute of that state, serial section 2679, Code 1904. The Virginia Code of 1860 was materially amended by Acts of Assembly 1866-7, chapter 279. By that act the statute of Virginia was so amended as to leave the allowance of commissions within the sound discretion of the court. *Trevelyan's Admr.* v. *Lofft,* 83 Va. 141, 148. The old statute of Virginia, our present section 7, chapter 87, *supra,* was, prior to the amendment, and in all cases in Virginia arising under the law as it then stood, always construed to be arbitrary and absolute. *Trevelyan's Admr.* v. *Lofft, supra; Strother* v. *Hull,* 23 Grat. 652; *Wood's Ex'or.* v. *Garnett,* 6 Leigh 271; *Boyd's Ex'ors.* v. *Boyd's Heirs,* 3 Grat. 114. And the statute has been so construed in this state. *Knight* v. *Watts,* 26 W. Va. 175, 205; *Hescht* v. *Calvert,* 32 W. Va. 215, 231. The only discretion given the court by our statute is when a fiduciary is found chargeable with money not embraced in his statement, in which case he shall have no commissions on such money "unless allowed by the court." *Kester* v. *Hill,* 46 W. Va. 744.

The remaining question is, as to the correctness of the decree in favor of Jacob S. Jamesson & Brother: First, is the judgment void because the names of the individuals composing the firm were not set forth in the summons, as required by section 25, chapter 50, Code 1906? By chapter 8, Acts of 1881, this section specifically provided that it should not be necessary to allege or prove who are the persons composing the partnership. The suit might then be brought in the firm name by which the partnership was usually known. But as amended by chapter 36, Acts of 1895, this section now requires that "the names of the individuals composing such firm shall be set forth in the summons." In terms the statute is mandatory. In the summons in this case they were not so set forth, nor do they appear in the transcript from the justice's docket. There was no

appearance by defendant, and no amendment made or proposed so far as is shown by the record.

Are the judgment, or proceedings before the justice void, and subject to collateral attack on this account? In *Dorr* v. *Dewing & Sons,* 36 W. Va. 466, it is said: "It may be taken as true, as a general proposition, that, wherever suit is brought by or against partners, all of them must be joined in the suit, either as plaintiffs or defendants." At common law it seems partners could not be sued otherwise than in their individual names. *Courson* v. *Parker,* 39 W. Va. 521, 20 S. E. Rep. 583. According to *Totty* v. *Donald,* 4 Munf. 430, however, a declaration in the name of the firm, omitting to mention the names of the partners is good after verdict. And in *Downer* v. *Morrison,* 2 Grat. 250, the fact that the suit was in the firm name, without naming all the individuals composing the firm, no objection being taken thereto, it was held no ground for defeating the action on the trial. In *Pate* v. *Bacon & Co.,* 6 Munf. 219, a declaration in the firm name, without mentioning the names of the partners, was held good after verdict for plaintiff on the general issue. Citing *Murdock* v. *Herndon,* 4 H. & M. 200; *Scott* v. *Dunlop, Pollock & Co.,* 2 Munf. 349. Certainly, therefore, the omission of the individual names of the partnership is not jurisdictional and fatal, and we do not think the judgment, if otherwise good, is void and subject to collateral attack on this count.

But was any judgment pronounced by the justice? The docket of the justice simply says, "plaintiff claimed judgment for the amount of his claim and interest thereon." After the styling of the action on the docket, it recites, "in which the plaintiff claims judgment for $294.55;" but the whole record of the trial is: "Feby. 19, 1908, time for trial; the plaintiff appeared; defendant did not appear, and after waiting for some time plaintiff claimed judgment for the amount of his claim and interest thereon." Is this a judgment? We do not think so. The justice does not say judgment is given or rendered in favor of or against any body—it is simply said the plaintiff claimed judgment; but was judgment pronounced in his favor? The docket does not say so. But it is said that the marginal entry, "Debt $294.55. Cost $1.70" is a memorial of the judgment, showing that a judgment was in fact pronounced; or if not this,

that the abstract thereof issued by the justice, dated February 19, 1908, constitutes such memorial, and that these cure any formal defect, if any, in the judgment. But the memorandum does not say "Judgment $294.55;" it says "Debt $294.55." This may have been made at the time the action was brought; it in no way signifies a judgment. And how could the abstract amount to such memorial? The original abstract is not produced, only a copy from the clerk's office was introduced. But an abstract is not evidence of the judgment when put in issue. *Thompson* v. *Mann,* 53 W. Va. 432; *Dickinson* v. *Railroad Co.,* 7 W. Va. 390, 413. The judgment is not questioned on the ground of delay in entering it by the justice, as in *Packet Co.* v. *Bellville,* 55 W. Va. 560, and cases cited therein. The question here is, does the final record of the justice in his docket in this case amount to a judgment? On the principles of *Ferrell* v. *Simmons,* 63 W. Va. 46, we hold that it does not. The evidence of the justice taken on the trial does not clearly show that he in fact pronounced judgment.

Perceiving no other errors in the decree it will be reversed in so far as it allows commissions to the administratrix, and decrees that the alleged judgment in favor of Jamesson & Bro., is a lien on appellant's land, and decrees payment thereof out of the proceeds of the sale thereof. In all other respects it will be affirmed, and the cause remanded for further proceedings.

*Affirmed in part. Reversed in part. Remanded.*