# CHARLESTON.

R. R. ROBERTS *v.* L. G. TONEY, *et al.*

(No. 5423)

Submitted January 26, 1926.    Decided February 2, 1926.

1.  PARTNERSHIP—*Permitting Amendment of Declaration Before Judgment to Describe Defendants as Partners Held Proper.*

    A variance between the writ and declaration may be amended at any time before judgment, if substantial justice may be done thereby.    (p. 691).
    (Partnership, 30 Cyc. p. 586.)

2. SAME—*All Contracts With Partners Are Joint and Several, and Every Partner is Liable to Pay Whole; in Suit Against Partners in Individual Names, and Service of Process Against Only One Partner, Plaintiff May Proceed to Judgment Against Him.*

All contracts with partners are joint and several, and every partner is liable to pay the whole, and in what proportion the others are contributors is a matter merely among themselves: Where partners are sued in their individual names, as in this case, and process is served against only one member thereof, the plaintiff may proceed to judgment as to the one so served. (p. 691).

(Partnership, 30 Cyc. pp. 533, 597.)

3. APPEAL AND ERROR—*In Absence of Error of Law, Verdict Will Not be Disturbed on Appeal, Except on a Clear Showing That it is Contrary to Evidence or That There is no Evidence to Support it.*

Where a case has been tried, and the question of fact arising therein submitted to a jury, and it appears that there has been no error of law committed by the lower court, this Court will not disturb the verdict, unless it clearly appears that the same is contrary to the evidence, or that there is no evidence to support it. (p. 693).

(Appeal and Error, 4 C. J. § 2834.)

4. PARTNERSHIP—*Evidence Held Sufficient to Establish Partnership, Making Partner Liable for Payment by Accommodation Indorsers on Note Executed by Partnership.*

A case in which a partnership is established, and a partner held liable for an amount paid by an accommodation indorser on a note executed by the partnership, for the use and benefit of the firm. (p. 692).

(Partnership, 30 Cyc. p. 413.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Mercer County.

Assumpsit by R. R. Roberts against L. G. Toney and others, trading and doing business under the firm name of the Beamer Red Ash Coal Company. Motion of the defendant named to set aside a verdict for plaintiff and grant a new trial was denied, and judgment entered on the verdict, and he appeals.

*Affirmed.*

*Russell S. Ritz*, for appellant.
*E. C. Marshall*, for appellee.

WOODS, JUDGE:

This is an action in assumpsit prosecuted by R. R. Roberts in the circuit court of Mercer county against M. F. Beamer, M. T. Blessing and L. G. Toney, trading and doing business under the firm name of Beamer Red Ash Coal Company. A judgment having been taken against the plaintiff, Roberts, on account of his indorsement for accommodation on a note of said partnership and his having been made liable for a part of the payment thereon, he seeks recovery in this action for the amount paid by him on account of his indorsement for said partnership, claiming that the defendant L. G. Toney was a member of said partnership.

Plaintiff filed an original and amended declaration. In the original a demurrer thereto was sustained and the plaintiff permitted to file an amended declaration, both of which are in assumpsit, and to which amended declaration the defendant L. G. Toney demurred, but said demurrer was overruled. Toney then filed a special plea in writing, denying that he was ever a partner in partnership with M. F. Beamer and M. T. Blessing, trading as Beamer Red Ash Coal Company, and also pleaded non-assumpsit, to which pleas the plaintiff replied generally. Both issues were tried jointly and the jury found a verdict for the plaintiff thereon and assessed his recovery at the sum of $600.00; which verdict the defendant L. G. Toney moved to set aside and grant him a new trial, but the court overruled said motion and rendered judgment thereon. From this action Toney appeals.

The defendant's assignments of error are: (1) The demurrer to the original and amended declarations herein should have been sustained, because the original declaration proceeds against the three named defendants as individuals and the account filed therewith is against them as partners; and that the amended declaration is inconsistent with the original declaration, in this, that without dismissing the original action, the plaintiff simply amends and then proceeds against this defendant as a partner. (2) Assuming the

defendant L. G. Toney to have been a partner in the said
Beamer Red Ash Coal Company, before proceeding against
him as such, the other two partners should have not only been
made parties to this action, but process on them should have
been served. (3) That the evidence in this case fails to estab-
lish as a matter of law that the defendant L. G. Toney was
ever at any time a partner with the said M. F. Beamer and
M. T. Blessing, trading as Beamer Red Ash Coal Company.

Beamer, Blessing and Toney were all three named in the
writ as partners, trading and doing business as Beamer Red
Ash Coal Company; and in the bill of particulars filed with
the original declaration, they were likewise designated as
such. The declaration inadvertently omitted to so describe
them. The amended declaration was filed by leave of the
court to cure this defect. Such amendment plainly falls
within the scope of the statute. Code, chap. 125, § 12. A
variance between the writ and declaration may be amended at
any time before judgment, if substantial justice may be done
thereby. *Courson* v. *Parker,* 39 W. Va. 521. All the plain-
tiff did in this case was to make the original writ and declara-
tion correspond; and as a matter of course the amended decla-
ration superseded the original and the two pleas of the de-
fendant—denying partnership, and non-assumpsit—filed
herein responded to the amended pleading.

The second ground of error rests upon the mistaken belief
that the individuals composing the partnership must not only
be sued, but that all must have been served with process be-
fore trial. It is well established and an elementary rule in
courts of chancery that all parties interested in the subject
matter in controversy must be parties to the suit and served
with process therein or be notified thereof by publication.
*Brown* v. *Gorsuch & Sons,* 50 W. Va. 514. A different rule
prevails in courts of law. The common law rule is that a
partnership name is a mere matter of description and is not
a thing in any way distinct from the members composing it.
"All contracts with partners are joint and several, and every
partner is liable to pay the whole, and in what proportion the
others are contributors is a matter merely among themselves.
The plaintiff may, however, bring his action against one, but

the defendant may compel by plea in abatement the plaintiff to join them; but, if one partner is out of the kingdom, and not amenable to the process of the court, the plaintiff may proceed singly against the other." 2 Tucker Bl. Comm. 141. This principle finds support in 1 Wils. 7; *Brown* v. *Belcher,* 1 Wash. (Va.) 9; *Courson* v. *Parker, supra.* Partners must be sued in their individual names and cannot be sued in their partnership name. Story, Partn. Sec. 241, note 2. The foregoing principles make suits at law against partnerships answerable to our statutory provisions governing rules and pleadings. "Where, in any action against two or more defendants, the process is served against part of them, the plaintiff may proceed to judgment as to any so served, and either discontinue it as to the others or from time to time as the process is served as to such others, proceed to judgment as to them until judgment be obtained against all. Such discontinuance of the action as to any defendant not served with process shall not operate as a bar of any subsequent action which may be brought against him for the same cause." Code, Chap. 125, § 52. Under the statute just quoted the court properly in this case permitted the plaintiff to proceed to judgment against Toney, who alone of the partnership members was served with process.

The only question remaining is: Does the evidence establish a partnership? On an issue as to the existence of a partnership—where denied as here—he who asserts it, of course, carries the burden of proof. *Harris* v. *Welch,* 87 W. Va. 154. Beamer testified that there was a partnership; that a written memorandum of such agreement was drawn up and signed by all the partners (including Toney), which agreement was later destroyed at the suggestion of Toney; and that the note in question here was for the purpose of obtaining funds for the partnership and was executed during the term thereof, and said funds applied to the business. This is proper testimony. On an issue as to the existence of a partnership one of the partners is competent to prove that a partnership existed. 30 Cyc. 405; *Franklin* v. *Hoadley,* 115 N. Y. App. Div. 538. It further appears from the testimony of Beamer that as a consideration for a one-third interest in the said

partnership, that Toney, who was president of a bank, secured a loan of $5,000.00 for the purposes of said partnership from another banking institution, on collateral security furnished by the latter. Roberts, the plaintiff, who signed the Beamer Red Ash Coal Company note, as accommodation indorser, testified that Toney told him he had an interest in the partnership, before he indorsed the note, and that later, after he was compelled by judgment of the court to pay a portion of said note, that Toney again admitted to him his interest in the company. This testimony is countervailed only by the general denial of Toney. The case went to the jury without instructions on this evidence. Whether the evidence produced in a given case warrants the inference of a partnership is solely a question to be determined by the jury, unless in the opinion of the court but one inference can be drawn by reasonable men. 30 Cyc. 413.

On appeal the reviewing Court must take the view of the evidence most favorable to the verdict, and give it the strongest probative force of which it will admit. So long as there is nothing so inherently or otherwise manifestly improbable in the character of the evidence as to justify the court in ignoring it, the credibility of the witnesses is a question for the jury. Where a case has been tried and the question of fact arising therein submitted to a jury, and there appears that there has been no error of law committed by the lower court, this Court will not disturb the verdict unless it clearly appears that the same is contrary to the evidence, or that there is no evidence to support it. *Guyandotte Coal Company* v. *Virginian Electric & Mach. Wks.*, 94 W. Va. 300; *Keyser Canning Co.* v. *Klotts Throwing Co.*, 94 W. Va. 346; *Cohen* v. *Matz*, 93 W. Va. 124; *Smith* v. *Norfolk & Western Ry. Co.*, 48 W. Va. 69. Here there is evidence tending to prove every material issue in the case. The verdict based on it cannot in the proper application of the decisions of this Court be set aside and a new trial granted. The judgment is therefore affirmed.

*Affirmed.*