# WHEELING.

DAGES v. LEE et al.

Submitted June 23, 1882—Decided November 18, 1882.

1. The seperate estate of a married woman is liable for any simple contract debt, which she would be liable for if she were a *feme sole;* and the consideration for such debt need not inure to her benefit, or that of her separate estate; but it may inure to the benefit of her husband, or any third party, or it may be a mere prejudice to the other contracting party.   (p. 586.)

2. Where there is an express agreement between the creditor and a member of a partnership, whereby the creditor agrees to take and does take the joint and several note of such partner and his wife in discharge of the partnership debt, such note is founded upon a valid consideration and is binding upon the wife's separate estate.   (p. 586.)

3. The acceptance by the creditor of such note of the partner and his wife with an express agreement to surrender the evidence of the partnership debt, operated a discharge of the partnership debt; and the neglect of the creditor to surrender the evidence of said partnership debt according to said agreement, did not constitute a failure of the consideration of said note or a release of the makers.   (p. 586.)

Appeal from a decree of the circuit court of the county of Kanawha, rendered on the 22d day of December, 1881, in a cause in said court then pending, wherein John Dages was plaintiff, and M. A. B. Lee and others were defendants, allowed upon the petition of said Dages.

Hon. F. A. Guthrie, judge of the seventh judicial circuit rendered the decree appealed from.

The facts of the case are stated in the opinion of the Court.

*J. M. Payne,* for appellant, cites 13 W. Va. 572; 1 Add. Cont. (Am. Ed. 1875) § 373; 15 W. Va. 278.

*John A. Warth,* for appellees, cites the following authorities:   Code p. 608, § 59; 16 W. Va. 687; 1 Brightly Fed. Dig. 59, No. 110; 1 Bouv. Dict. (Ed. 1867) 356; Sto. Cont.

(Ed. 1851) § 32; 2 Rob. Pr. (new) 271–6; 2 Kent Com. (Ed. 1848) 477; Bish. Cont. §§ 174, 185, 186; 5 Rob. Pr. 555; 15 W. Va. 278; Smith Cont. (Ed. 1853) 145; 4 Minor Inst. 16; 13 W. Va. 572; Bish. Cont. § 691, 688.

SNYDER, JUDGE, announced the opinion of the Court:

This was a suit brought to subject the personal property and the rents of the real estate of M. A. B. Lee, a married woman, to the payment of a note given by her and her husband, R. H. Lee, to the plaintiff, John Dages, for two hundred and fifty-five dollars, dated March 3, 1876, and payable one year after date. The defense made by the said M. A. B. Lee is, that the said note was given in consideration of a promise made by the plaintiff that he would within a few days after the said note was given deliver to her or her husband a certain other note due to the plaintiff by her husband and John Waldron, his partner in business, with which her husband desired to consummate a contemplated business arrangement with his partner, the said Waldron, and which partnership note with the interest added aggregated the sum mentioned in the note sued on; that the plaintiff failed and neglected to so deliver said partnership note to her or her husband, and that her husband, R. H. Lee, was thereby damaged and suffered loss to the amount of said partnership note; and that, therefore, the consideration of the said note sued on has wholly failed, and that she is not bound to pay the same or any part thereof.

The only evidence offered by the defense was the deposition of R. H. Lee, the husband of said M. A. B. Lee, and he deposes: that the consideration of the note in suit was the promise of the plaintiff by his agent, one Andrews, to surrender to him a note for the same amount as the one sued on, held by the plaintiff on John Waldron and himself as partners and to relieve said Waldron from said partnership debt; that he had a note for about the same amount on John Thress due to the partnership of himself and Waldron which he intended to keep and use if he got Waldron released; that the plaintiff failed to deliver said partnership note to him as he promised, and that he did not then feel warranted in keeping the note on said Thress, and sent it to Pomeroy,

74

Peckover & Co. of Cincinnati to whom the partnership of Lee and Waldron owed a bill; and thereby he was deprived of the use of said Thress note and lost the benefit of the same.

From a certified copy filed with said deposition on cross-examination it appears that a judgment had been rendered by the county court of Kanawha, at the June term, 1875, against said Waldron and Lee upon the note which the witness states the plaintiff's was to surrender to him for executing the note in suit. It, also, appears from the evidence that the said M. A. B. Lee was at the time the note in suit was given, as well as at the time this suit was brought, the wife of R. H. Lee, and that the said R. H. Lee, after the execution of said note and before this suit was instituted, was discharged from his debts as a bankrupt under the Acts of Congress.

The plaintiff filed the deposition of John Thress and he testifies, that the note held by Pomeroy, Peckover & Co., on him was, at the instance of Lee and Waldron, to whom he owed the debt, made payable to Pomeroy, Peckover & Co., and not to Lee or Lee and Waldron, and that it was dated early in the spring of 1875, and that said Pomeroy, Peckover & Co. never had any other note of his; that he made an assignment for the benefit of his creditors on 24th August, 1875, and that his assignee paid Pomeroy, Peckover & Co. about twenty per cent. on said note, but he never paid anything on it.

On the 22d day of December, 1881, the court entered a decree dismissing the plaintiff's bill with costs, and from this decree the plaintiff has appealed to this Court.

The plaintiff's bill must have been dismissed on the ground that the note sued on was without consideration, or that the non-performance of the alleged promise by the plaintiff to surrender the partnership note constituted a failure of its consideration. Neither of these grounds in my opinion is tenable.

The separate estate of a married woman is liable for any simple contract debt, which she would be liable for if she were a *feme sole;* and the consideration for such debt need not inure to her own benefit, or that of her separate estate; but it may inure to the benefit of her husband, or any third

party, or may be a mere prejudice to the other contracting party. *Radford* v. *Carwile*, 13 W. Va. 573.

The consideration of the note here sued on was evidently the debt due the plaintiff from the partnership of Lee & Waldron; and the testimony of R. H. Lee proves that it was executed upon the express agreement of all the parties that the said partnership debt was to be thereby discharged and surrendered. The said note was, therefore, founded upon a sufficient consideration. *Bowyer* v. *Knapp*, 15 W. Va. 278.

If, however, as claimed by the defense, said note was given in consideration of the promise and agreement of the plaintiff to surrender said partnership note and release John Waldron one of the partners, the acceptance of said note by the plaintiff with the agreement to surrender and discharge said partnership note was a valid consideration and the note is binding upon the makers. *Lyth* v. *Ault*, 7 Exch. R. 669.

The agreement to surrender the partnership note or liability by the plaintiff operated in law a discharge of said liability and, consequently, as a release of John Waldron; and it follows necessarily that the mere neglect or failure of the plaintiff to make a formal surrender or release of the evidence of the partnership liability could not constitute a failure of the consideration of the note; because, whether the evidence of the partnership debt was surrendered or not was immaterial, the said debt was discharged and Waldron released in either event.

I do not regard it necessary to comment on the evidence relating to the loss alleged to have been sustained by the surrender by R. H. Lee of the John Thress note. There is obviously nothing in this claim.

For the reasons assigned I am of opinion that the decree of the circuit court of Kanawha be reversed with costs to the appellants against the appellee M. A. B. Lee, and that this cause be remanded to the said circuit court to be there proceeded therein according to the principles announced in this opinion and further in accordance with the rules and principles which govern courts of equity.

The Other Judges Concurred.

Decree Reversed. Cause Remanded.