# CHARLESTON.

WILSON *et al. v.* CARTER OIL CO.

'46    469
e63    518

Submitted February 4, 1899—Decided April 15, 1899.

1. PARTNERSHIP—*Partner's Rights—Corporations.*

Where a corporation and individual have assumed to enter into a partnership, and jointly transacted business together, they may recover, by reason of their joint interest, upon obligations made to them in their partnership name, irrespective of their partnership rights and duties as between themselves, or the power of such corporation to execute the powers incident to a partnership. (p. 472).

2. ASSUMPSIT—*Partnership—Surplusage.*

In an action of *assumpsit*, where the plaintiffs are described as partners, but have a joint right of action, the description of them as partners may be regarded as surplusage.   (p. 471.)

Error to Circuit Court, Tyler County.

Action by L. C. Wilson and others against the Carter Oil Company.   Judgment for defendant, and plaintiffs bring error.

*Reversed.*

S. BRUCE HALL, for plaintiffs in error.

T. P. JACOBS, C. G. Carter, and GEORGE L. ROBERTS, for defendant in error.

ENGLISH, JUDGE:

This was an action of trespass on the case, in assumpsit, instituted in the circuit court of Tyler County by L. C. Wilson and the Devonian Oil Company, a corporation, partners doing business under the firm name of L. C. Wil-

son & Co., against the Carter Oil Company, a corporation under the laws of the State of West Virginia, for work and labor performed and material furnished to the defendant amounting to five hundred and twelve dollars. The defendant tendered a special plea, averring that the plaintiff ought not to maintain its action against the defendant for the reason that the Devonian Oil Company, one of the plaintiffs, and a member of the partnership which brings this suit is a corporation of the State of Pennsylvania, and, under the laws of that State and its charters, it had no power to enter into this or any other partnership, and therefore the plaintiff ought not to maintain this suit; and of this the defendant put itself upon the country. The defendant further pleaded *non-assumpsit* and payment, with leave to file special matter in evidence. The plaintiffs demurred to the defendant's special plea, in which demurrer the defendant joined. The court overruled the demurrer, sustained the defendant's plea, and found for the defendant, and the plaintiffs obtained this writ of error.

The sole question, then, presented for consideration by this record, is whether the circuit court erred in sustaining said plea and dismissing plaintiff's action. As to the question whether a corporation can form a partnership with an individual, the authorities are conflicting. It is believed that the weight of authority is to the effect that a corporation cannot form a partnership with an individual. In 7 Am. & Eng. Enc. Law (2d Ed.) 794, the law is stated thus: "A corporation has no power to form a partnership with an individual, unless authorized to do so by its charter." And in Morawetz on Corporations (section 421) thus: "It seems clear that corporations are not impliedly authorized to enter into partnership with other companies or with individuals." And Beach, Priv. Corp. section 842, says: "One firm may be a partner with another firm, and there is no general principle of law which prevents a corporation from being a partner with another corporation or with ordinary individuals, except the principle that a corporation cannot lawfully employ its funds for purposes not authorized by its constitution. Having regard, however, to this principle, it may be considered as *prima facie ultra vires* for an incorporated company to enter into a partnership with other persons." Also, in 7

Am. & Eng. Enc. Law (New Ed.) 794, it is said: "By the decided weight of authority, a corporation has no power to enter into an ordinary contract of partnership with another corporation, or an individual or individuals, unless such power is expressly conferred upon it by its charter." The question presented by the record in this case is not limited to the mere inquiry whether a corporation can form a partnership with an individual, but whether the defendant's plea constitutes a good defense to this action; in other words, if the plaintiffs were not partners in the strict sense of the word, can we say their recovery in this action is necessarily defeated? In *Courson* v. *Parker*, 39 W. Va. 521, (20 S. E. 583), this Court held that: "At common law, partners cannot be sued otherwise than in their individual names, and the allegation of a partnership name is merely for the purpose of identification and description, is immaterial, and need not be proven; and hence the unnecessary use of it may be regarded as mere surplusage." The same rule would apply to plaintiffs as defendants, and in the case at bar the portion of the declaration describing the plaintiffs as partners may be treated as surplusage.

We find the law stated in a note on page 424, Green's Brice Ultra Vires, as follows: "There is nothing, however, to prevent a corporation from becoming interested in a transaction jointly with another corporation or with an individual so as to be joint plaintiffs or defendants in an action." In *New York & S. Canal Co.* v. *Fulton Bank* 7 Wend. 412, it is held that "two incorporated companies may unite in an action of assumpsit to recover a sum of money deposited in bank in their joint names." Also, in *Bank* v. *Ogden*, 29 Ill. 248, it is held that, "as a general rule, corporations are not capable of forming a partnership, but they may make joint contracts by which both bodies may become liable." What is true of two corporations as stated in this decision is also true of one corporation and an individual, and if, acting thus, they are capable of rendering themselves liable, other parties may by contract become liable to them. So, in 2 Beach, Priv. Corp. p. 1317, section 842, it is said: "The results of partnership arrangements between corporations and individuals have been subjected to the rules governing partnerships, and their contracts enforced, even where the agree-

ment has not been upheld. Accordingly, where a corporation and an individual have assumed to enter into partnership and jointly transact business together, they may, by reason of their joint interest, recover upon obligations made to them in their partnership name, irrespective of their partnership rights and duties as between themselves, or the capacity of the association to execute the powers incident to a partnership;" citing *Cleveland Paper Co.* v. *Courier Co.*, 67 Mich. 152, (34 N. W. 556); *Manufacturing Co.* v. *Sears*, 45 N. Y.. 799; *Legget* v. *Hyde*, 58 N. Y. 272; *Raft Co.* v. *Roach*, 97 N. Y. 378. A case directly in point is that of *French* v. *Donahue* 29 Minn. 111, (12 N. W. 354), in which the court holds that "where an association or corporation and another have assumed to enter into a partnership, and jointly transacted business together, they may recover, by reason of their joint interest, upon obligations made to them in their partnership name, irrespective of their partnership rights and duties as between themselves, or the power of such association to execute the powers incident to a partnership." When the declaration in the case under consideration is relieved of its surplusage, it only claims that the defendant is indebted to L. C. Wilson and the Devonian Oil Company in the sum of five hundred and twelve dollars for work and labor performed for, and for goods and chattels sold and delivered to, the defendant, for which the defendant promises to pay them; and, after getting the benefit of the labor and receiving the goods and chattels, the law will not allow the defendants. by special plea, to avoid its liability by averring that one of the parties with whom it contracted was a corporation, and incapable of forming a partnership. Whether the plaintiffs were partners or not, the liability was incurred by the defendant assuming the payment of the account to the plaintiffs jointly; and my conclusion is that the court erred in overruling the plaintiffs' objection to said plea, and allowing the same to be filed, and in dismissing the plaintiff's action. The judgment complained of is therefore reversed, and the cause remanded.

*Reversed.*