# CHARLESTON.

WILBUR STUMP, TRUSTEE *et als. v.* CHARLES P. WILSON *et als.*

## (No. 5343.)

Submitted October 20, 1925.   Decided October 27, 1925.

1. PARTNERSHIP—*Claim of Retiring Partner Against Firm Cannot be Paid Until Debts of Partnership Creditors Are Discharged.*

   The claim of a retiring partner against the firm is inferior to the claims of the partnership creditors. His demand cannot be paid until the debts of such creditors are discharged. (p. 230.)

   (Partnership, 30 Cyc. p. 618.)

2. SAME—*Retiring Partner May be Restrained From Securing Preference of Claim Over Those of Partnership Creditors.*

   A retiring partner may be restrained from securing a preference of his claim over those of the partnership creditors. (p. 232.)

   (Partnership, 30 Cyc. p. 542.)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Kanawha County.

Suit by Wilbur Stump, trustee, and others, against Charles P. Wilson and others, to enjoin G. H. Pierson from taking further action to obtain a judgment against Charles P. Wilson and others, doing business as the People's Hardware Company. Decree for defendants, and plaintiffs appeal.

*Reversed; injunction perpetuated.*

*Payne, Minor & Bouchelle* and *Staige Davis,* for appellants.

*Morton, Mohler & Peters,* for appellee Pierson.

*Lon H. Kelley,* for appellee Chas. P. Wilson, Gibson, and Vernon Wilson.

HATCHER, JUDGE:

In July of 1920 a partnership was formed by C. P. Wilson, E. M. Gibson and G. H. Pierson, under the name of Peoples Hardware Co., which engaged in a general hardware business in the city of Charleston. Wilson and Gibson contributed $4500.00 and Pierson $2000.00 to the partnership. On March 15, 1921, Pierson sold his interest in the partnership to the other two partners for $3700.00, of which amount all has been paid except $1800.00 and its accrued interest. Gibson and Wilson agreed with Pierson to take over all of the firm assets and be responsible for the firm's liabilities. After Pierson's withdrawal from the partnership, one Vernon Wilson bought an interest therein. The partnership became heavily involved, and in Jan., 1922, by agreement between the partners and the merchant creditors, a creditors committee took charge, and negotiated a sale of the partnership assets. To effectuate the arrangement it was agreed between the partners and the committee that all proceeds arising from the sale of the partnership property, together with the proceeds of the sale of some real estate owned by the partners, should be paid to Wilbur Stump as a trustee, who should distribute such funds to the creditors. Pierson was not a party to this ar-

rangement and was not present at any meeting of the other creditors.

In March, 1922, Pierson instituted an action in debt in the circuit court of Kanawha County, against the Wilsons and Gibson as partners doing business as. the Peoples Hardware Co., for the recovery of $1335.92, this being the balance due Pierson from the sale of his interest to the firm, with the exception of a $500.00 note which was not then due.

This action now before us is a suit in equity brought in said court by Wilbur Stump, trustee, the Elk Banking Co., a corporation, and the J. W. Sparks Co., a corporation (the two latter being heavy creditors of the partnership) for the purpose of enjoining Pierson from taking further action to obtain a judgment against the partnership. The bill herein sets up the foregoing facts and alleges among other things, that all of the defendants were insolvent, that no notice was given by Pierson to the creditors at the time of his withdrawal from the firm, that the firm was heavily indebted at that time, that the Wilsons and Gibson had stated to the creditors committee that $1800.00 of the purchase price of Pierson for his interest in the firm was for estimated profits, that they would furnish evidence for the purpose of resisting the demands of Pierson, but that the partners subsequently confederated with Pierson to defraud the creditors in the amount of the notes held by Pierson, and were making no defense to the Pierson suit. A temporary injunction was granted on this bill. Pierson on the one hand, and the two Wilsons and Gibson on the other, filed separate answers admitting the main chain.of events set forth in the bill, but denying all allegation of fraud, alleging that the Elk Banking Co. and the J. W. Sparks Co. had notice of the withdrawal of Pierson from the firm, and that the sale to Pierson was a plain sale of offer and purchase, without reference to estimated profits.

A large amount of testimony was taken which bears mostly on the representation made to the creditors committee by the Wilsons and Gibson, and on whether the two plaintiff corporations and the Lowenstein and Sons Hardware Co., and the Van Camp Hardware Co., who were also creditors of the partnership, had notice of the withdrawal of Pierson therefrom. The

first partnership was shown to have been heavily in debt on March 15, 1921, but the amount of its indebtedness and a list of its creditors on that date was not disclosed.

Upon a mass of conflicting evidence the circuit court found that the two plaintiff corporations had notice of the retirement of Pierson from the first partnership, and that its indebtedness to the Elk Banking Co. had been novated. There was no finding on novation relative to the debt of the first partnership to the John W. Sparks Co. The lower court also dissolved the injunction, dismissed the bill, and rendered judgment for Pierson for $2401.75 against the proceeds of the sale of the real estate of C. P. Wilson in the hands of Stump, Trustee, with direction to the trustee to pay that amount to Pierson. From this decree the plaintiffs appealed.

Stump as trustee of the proceeds derived from the sale of the partnership assets, was the custodian of those funds and it was his duty to prevent any ill-timed or improper inroad thereon. He therefore had the inherent right to ask a court of equity to prevent Pierson from securing a preference over the other creditors against the funds in his hands. 32 C. J. 863 (par. 142), 39 Cyc. 446 (b). The two plaintiff corporations, as heavily interested creditors, had the right to join with and assist the trustee in this suit.

For the purposes of this action it is not material whether certain of the large creditors of the first firm had notice of the retirement of Pierson therefrom. Mere notice of Pierson's retirement did not change in any way his relation to the creditors of the first firm.

> "An agreement upon the dissolution of a partnership, by which the retiring partner transfers his interest in the partnership property to the remaining partnership debts, creates as between them the relation of surety and principle, but does not create that relation as to a creditor who has not assented to it, even though he had notice of it. As to him their obligation as joint debtors continues."

*Dean and Co.* v. *Collins* (N. D.) 108 N. W., 242.

Pierson's original liability to creditors of the first firm ends only upon payment or a novation of its debts. A debt of an

old firm is not necessarily novated by the assent of the creditor that it be assumed by a new firm.. Neither does a novation always follow in case a creditor accepts the note of a new firm in place of a note of an old firm, as was done by Elk Banking Co. in this suit. To effect a novation the creditor must agree to accept as payment of the former debt the obligation thus substituted.

> "A promissory note made by one partner alone for the debt of the firm does not operate as payment, and does not release another partner from the debt, unless the creditor agrees to accept it as payment and release the other partner."

*Burdett* v. *Greer*, 63 W. Va., 515.

*Bays* v. *Johnson*, 80 W. Va. 559.
30 Cyc. 615 (6).
Rowley Modern Law of Partnership, par. 562.
Parsons on Partnership, par. 298.

The agreement by the new firm to assume the debts of the old firm, while valid between the new firm and Pierson, had no effect on the rights of the creditors of the old firm. *Barnes* v. *Boyer*, 34 W. Va. 303; *McCoy* v. *Jack*, 47 W. Va. 201. Pierson is not liable on credit extended to the new firm to such creditors thereof as had notice of his retirement. But his responsibility remains unchanged as to the obligations of the old firm which have not been paid or novated. 30 Cyc. 612, 20 R. C. L. 981, par. 215, Story on Partnership, par. 158.

Adopting Pierson's statement as to the consideration paid for his interest in the old firm, nevertheless his right to reimbursement therefor is inferior to the rights of the creditors of the partnership at the time he withdrew therefrom. It is only after the claims of the latter have been paid in full that he can secure a recognition of his demands. As one authority states it, he is a "secondary creditor" to them. His rights are therefore secondary and subordinate to the rights of the firm creditors as of March 15, 1921. Rowley on Partnership, par. 537. (See many cases cited under note 94.)

No evidence was produced by Pierson separating the creditors and the indebtedness of the first partnership from the creditors and indebtedness of the second firm. He also failed to show that the indebtedness of the first partnership as of March 15, 1921, would be fully paid out of the proceeds of the partnership assets. In the absence of such proof he had no lawful right to secure a judgment against the partnership, whereby he would become a preferred instead of a secondary creditor, and he should be restrained from so doing.

For the foregoing reasons the decree of the circuit court is reversed *in toto,* and the injunction heretofore granted in this suit is reinstated and perpetuated.

*Reversed; injunction perpetuated.*