J. E. McComas *v.* Paul Turman

(No. 8020)

Submitted February 5, 1935. Decided February 19, 1935.

*Thomas West,* for plaintiff in error.

KENNA, JUDGE:

J. E. McComas brought notice of motion in the circuit court of Cabell County against Paul Turman. The notice alleges that on the 25th day of July, 1932, plaintiff and defendant formed a partnership under the firm name of Turman & McComas and agreed that each would contribute one-half of the money and furnish certain machinery necessary to carry on a contract undertaken by them in the State of Kentucky, and further agreed that the defendant was to manage and superintend the work at a salary of $175.00 per month. It is alleged that about the 16th day of October, 1933, the work had been completed and the final and last payment of $22,587.29 had been delivered to the defendant for the firm, out of which sum it was agreed that all of the indebtedness of the firm amounting to $10,272.99 should be paid; that all of the indebtedness of the firm has in fact been paid, leaving a residue in the hands of the defendant representing the net profit realized on the work of $12,314.30, of which net profit the plaintiff was entitled to be paid one-half or $6,157.15; that the defendant has in fact paid to the plaintiff $5,134.67, leaving due the plaintiff in the hands of the defendant the sum of $1,022.21. The notice alleges that no part of the balance due the plaintiff has been paid and that that sum is due to the plaintiff from the defendant.

A demurrer was interposed to this notice of motion and the ground therein assigned is that the notice seeks an accounting between the plaintiff and the defendant as partners.

The demurrer was sustained and the plaintiff's case was dismissed. Plaintiff prosecutes this writ of error.

The general rule undoubtedly is that one partner cannot sue another partner at law for matters growing out of the partnership, because, usually, such a suit involves an accounting or settlement of the partnership affairs requiring the sort of an investigation that courts of law are not equipped to make. An exception to this rule, however, is that one partner may sue the other for an ascertained balance due where there has been an accounting and nothing remains to be done but to pay over the balance. *Fanning* v. *Chadwick*, 3 Pick. 420, 15 Am. Dec. 233. See also the analogous case of *Newman* v. *Ruby*, 54 W. Va. 381, 46 S. E. 172. Here, we think, the notice shows on its face that there has been an accounting and settlement between the plaintiff and the defendant in respect to everything except the balance alleged by the plaintiff to be due him from the defendant upon a settlement of their affairs. It may, of course, be that this is not the true state of facts as between the plaintiff and the defendant, but on demurrer we look only to the averments of the notice, and from the notice it appears that the partnership had discharged its purpose, that its indebtedness has been entirely paid, that the defendant holds a certain amount as the net profit of the partnership and that the plaintiff is entitled to one-half of that net profit or $6,157.15. It is alleged that of the amount due him, he has been paid $5,134.67, leaving a balance due him of $1,022.21. We believe that this notice of motion does not show a condition of partnership affairs that would necessitate an accounting between the plaintiff and the defendant for the purpose of finding out what balance, if any, is due from the defendant to the plaintiff. We therefore believe that the plaintiff, under the exception to the general rule above referred to, can sue the defendant at law in so far as appears upon demurrer.

It will be observed that the holding herein is not at variance with that of the case of *Elder* v. *Tucker*, concurrently decided, wherein it is held that one partner cannot sue his co-partner at law for a debt towards the discharge of which the plaintiff himself must ultimately contribute.

Therefore, the judgment of the circuit court of Cabell County on demurrer will be reversed and the cause remanded to be further proceeded in in accordance with the views herein expressed.

*Reversed and remanded.*